Welsh, J.
This is a civil action sounding in tort in which plaintiff alleges that the defendant wrongfully interfered with her contractual relationship as an employee of the County of Norfolk. The plaintiff also alleges the defendant violated her civil rights under the Federal Civil Rights Act (42 U.S.C. §1983). and under the Civil Rights Act of this Commonwealth (G.L.C. 12 §11H).
The defendant moved to dismiss the complaint on the grounds of qualified immunity. The motion judge denied the motion but appropriately reported its interlocutory ruling agreeable to Rule 64(d), Dist./Mun. Cts. R. Civ. E, certifying that the ruling so affects the merits of the controversy that it ought to be determined by the Appellate Division without delay.
The plaintiff was offered employment by the County Treasurer as an administrative assistant to fill a vacancy occasioned by the termination of the person who had held the position until the end of July, 1992. This offer of employment was made sometime in August, 1992. The County Commissioners of Norfolk County voted to reinstate the prior employee on August 5,1992, but the County Treasurer refused to reinstate her. The County Commissioners then commenced a civil action in the Superior Court against the County Treasurer, seeking to enforce their reinstatement order.[1] Two days before the decision was rendered, the prior employee who had been denied reinstatement voluntarily terminated her employment with the County. The plaintiff was notified to report for work in the Treasurer’s office on November 23, 1992. On December 2, 1992, the Treasurer submitted the personnel forms and documents required to effectuate the hiring. There were two County Commissioners present at the meeting (presumably a quorum), one of whom was the defendant James Collins. The other Commissioner present moved to approve the personnel papers submitted. The defendant did not second the motion, so that no action was taken on the motion. On the following day, the plaintiff reported for work but left upon learning of the non-action by the County Commissioners on her personnel papers. She commenced the present action four days later.
1. We concur with the motion judge’s decision that the propriety of the denial of the motion to dismiss as to defendant James Collins be determined before the controversy is heard on the merits. If immunity is rightly claimed, the defendant ought not be put to the trouble and expense of a trial on the merits. Immunity in this context means immunity from suit and not just from liability. Breault v. Chairman of *39 the Board of Fire Commissioners of Springfield, 401 Mass. 26, 31 (1987); cert. denied sub nom. Forastiere v. Breault, 485 U.S. 906 (1988).
2. It is fundamental that a motion to dismiss under Rule 12(b)(6) should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Nader v. Citron, 372 Mass. 96, 98 (1977). However, bare allegations of malice on the part of a governmental official are not alone sufficient to expose such official either to the costs of a trial or the burden of far-reaching discovery that in most cases precede it. In Harlow v. Fitzgerald, 457 U.S. 800 (1992), it was held that governmental officials performing a discretionary function are generally shielded from liability for civil damages to the extent that their conduct does not violate clearly established statutory or constitutional rights a reasonable person would have been aware of. Id at 818. This doctrine of conditional immunity was further refined Mitchell v. Forsyth, 472 U.S. 511 (1988) in which the court held that the governmental official is immune from suit unless his actions violate clearly established law. Id at 526.
Neither the Federal nor State statute relied on create any new substantive rights. Both statutes are procedural in nature and seek to afford a remedy based upon violation of pre-existing rights. There is no right to public employment as such. The plaintiff either was aware, or ought to have been aware, that the offer of a contract of employment by the treasurer was subject to “approval” by vote of the county commissioners.
We conclude that the defendant Collins is entitled to qualified immunity in this action and that the motion to dismiss should have been allowed.
An order is to enter in the district court vacating the denial of James Collins’ motion to dismiss and allowing the same.
So ordered.

The action was styled Norfolk County Commissioners v. Robert D. Hall, as he is Treasurer of Norfolk County, Civil No. 92-2073.